```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

EVANSTON INSURANCE COMPANY,

               Plaintiff,

vs.                                Case No.   2:06-cv-683-FtM-29DNF

SOUTHERN   GULF WEST CONSTRUCTION,
INC., C.E.D. CONSTRUCTION PARTNERS,
LTD,

               Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant Southern Gulf West Construction, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #6), filed on January 29, 2007. Plaintiff filed a Response (Doc. #14) on February 8, 2007. Also before the Court is plaintiff's Motion for Judicial Notice of State Court Order (Doc. #13) and defendant's Response (Doc. #14).

**I.**

A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). "For amount in controversy purposes, the value of injunctive or declaratory relief is the

'value of the object of the litigation' measured from the plaintiff's perspective." Id. at 1268 (citations omitted). In other words, the amount in controversy is the monetary value that would flow to plaintiff if the injunction or declaratory relief were granted. Id. If the monetary value is too speculative and immeasurable, there is simply no monetary value for amount in controversy purposes. Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 221-22 (11th Cir. 1997); Leonard v. Enter. Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002).

When plaintiff is the one who initiates suit in federal court against a diverse party for damages, "[s]uch a case will not be dismissed unless it appears to a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002)(citing St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)). If the amount is indeterminate, the "legal certainty" test is discarded in favor of a preponderance of the evidence test. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). If made in good faith, the sum claimed by the plaintiff controls, St. Paul at 288 (footnote omitted), and plaintiff is the master of his own claim, Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)(collecting cases). The amount in controversy is indeterminate in this case.

**II.**

Defendant C.E.D. Construction Partners, Ltd. (CED) entered into a contract with defendant Southern Gulf West Construction, Inc. (SGWC) for the construction of apartment units in four locations. CED is the assignee of the owners of each of the apartment projects and has filed a Construction Industry Demand for Arbitration for recovery against SGWC for negligent construction and design. SGWC requested defense by its primary insurer, Liberty Mutual Insurance Company, and is represented by same. Plaintiff Evanston Insurance Company (Evanston) issued three umbrella policies to Combined Construction Group, Ltd. containing named endorsements including the named insured SGWC. SGWC's primary coverage is limited to $1,000,000.00, and Evanston was notified of the Arbitration as the claim is expected to exceed the $1,000,000.00 limit. Evanston's Umbrella Policy has a policy limit of $20,000,000.00 (Doc. #1-3, Exh. B). Evanston seeks declaratory relief as to its duty to defend or indemnify defendants.

Defendant seeks to dismiss the Complaint (Doc. #1) asserting that the amount in controversy is insufficient. Defendant relies on the Demand for Arbitration (Doc. #1-2, Exh. A), which states a dollar amount of $975,000.00. Defendant argues that since Evanston is not responsible until the damages exceed $1 million, one could infer that the amount in excess would have to be at least $75,001.00 over $1 million for the jurisdictional amount to be met. Evanston has filed the Affidavit of Julius F. Parker III (Doc. #14-

2, Exh. A), counsel for plaintiff, indicating that the demanded sum for all claims is $7,846,717.00, well in excess of the jurisdictional minimum.  Having considered the Affidavit[1], the Court finds that plaintiff has established that it is more likely than not that the amount in controversy will exceed $75,000.00. Therefore, the motion will be denied.

    Accordingly, it is now

    **ORDERED**:

    1.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #6) is **DENIED**.

    2.   Plaintiff's Motion for Judicial Notice of State Court Order (Doc. #13) is **DENIED** as moot.

    **DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of April, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1] The court may consider matters outside the pleadings without converting the motion into a summary judgment motion.  <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1331 (11th Cir. 2001).